UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| AMBER J. LAWS #403440, | ) | |
|---|---|---|
| *Plaintiff*, | ) | |
| v. | ) | No.: 3:11-cv-115 |
| | ) | (VARLAN/GUYTON) |
| ROANE COUNTY JAIL, | ) | |
| *Defendant*. | ) | |

| AMBER J. LAWS #403440, | ) | |
|---|---|---|
| *Plaintiff*, | ) | |
| v. | ) | No.: 3:11-cv-116 |
| | ) | (VARLAN/GUYTON) |
| ROANE COUNTY JAIL, | ) | |
| *Defendant*. | ) | |

**MEMORANDUM AND ORDER**

The Court is in receipt of two civil rights complaints under 42 U.S.C. § 1983 filed by a *pro se* prisoner and two applications to proceed *in forma pauperis*. It appears from the applications that the plaintiff lacks sufficient financial resources to pay the $350.00 filing fee. Accordingly, pursuant to 28 U.S.C. § 1915(b)(4), the Clerk is **DIRECTED** to file these actions without the prepayment of costs or fees or security therefor as of the dates the complaints were received. However, for the reasons stated below, process shall not issue and these actions are **DISMISSED**.

Plaintiff is in the custody of the Tennessee Department of Correction and housed at the Tennessee Prison for Women. On March 4, 2011, the Court received two complaints from plaintiff, each of which was in a separate envelope and accompanied by an application to proceed *in forma pauperis*. Although not identical, the two complaints are virtually the same, and for that reason the two cases are **CONSOLIDATED** for all future proceedings. Civil Action No. 3:11-cv-115 will be the lead case and all future filings should be in the lead case.

The complaints concern an incident that occurred during plaintiff's confinement in the Roane County Jail and involved a former employee of the jail. The only named defendant is the Roane County Jail. The Roane County Jail, however, is not a suable entity under 42 U.S.C. § 1983. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (a police department is not an entity which can be sued under § 1983); *see also De La Garza v. Kandiyohi County Jail*, 18 F. App'x 436, 437 (8th Cir. 2001) (neither a county jail nor a sheriff's department is a suable entity). In addition, pursuant to the Prison Litigation Reform Act, this Court no longer has discretion to allow a plaintiff to amend her complaint to avoid dismissal. *See McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997); *see also Hawkins v. Morse*, No. 98-2062, 1999 WL 1023780 *1 (6th Cir. Nov. 4, 1999) ("The PLRA requires district courts to screen cases at the moment of filing. The court is not required to allow a plaintiff to amend his complaint in order to avoid a sua sponte dismissal.") (citations omitted).

Although this Court is mindful that a *pro se* complaint is to be liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), it is quite clear that the plaintiff has not alleged the deprivation of any constitutionally protected right, privilege or immunity, and, therefore, the Court finds her claims to be frivolous under 28 U.S.C. §§ 1915(e) and 1915A. It appears beyond doubt that plaintiff can prove no set of facts which would entitle her to relief, *Malone v. Colyer*, 710 F.2d 258 (6th Cir. 1983), and that plaintiff's claim lacks an arguable basis in law and fact, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Therefore, these actions are **DISMISSED** *sua sponte*, as frivolous and for failure to state a claim upon which relief can be granted under § 1983. The Court **CERTIFIES** that any appeal would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

Because the plaintiff is in the custody of the Tennessee Department of Correction, she is herewith **ASSESSED** the civil filing fee of $350.00. Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of the plaintiff's inmate trust account at the institution where she now resides is directed to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902, as an initial partial payment, whichever is greater of:

(a) twenty percent (20%) of the average monthly deposits to the plaintiff's inmate trust account; *or*

(b) twenty percent (20%) of the average monthly balance in the plaintiff's inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of the plaintiff's preceding monthly income (or income credited to the plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to send a copy of this Memorandum and Order to the Warden of the Tennessee Prison for Women, the Commissioner of the Tennessee Department of Correction, and the Attorney General for the State of Tennessee to ensure that the custodian of the plaintiff's inmate trust account complies with that portion of the Prison Litigation Reform Act relating to payment of the filing fee. The Clerk is further **DIRECTED** to forward a copy of this Memorandum and Order to the Court's financial deputy.

**E N T E R :**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE